UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EZEKIEL I. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00177-TWP-DLP |
| | ) |
| MARION COUNTY SHERIFF'S OFFICE, | ) |
| SCHONBECK Lt., | ) |
| BERRY Lt., | ) |
| MCVAY Captain, | ) |
| BERTHELLETTE Sgt., | ) |
| STEVENS Sgt., | ) |
| MULLINS Lt., | ) |
| CLAYTON Ofc., | ) |
| GIRKINS Ofc., | ) |
| LEVINGSTON Ofc., | ) |
| LOCKRIDGE Ofc., | ) |
| RICHARDSON Ofc., | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Ezekiel Taylor, at all relevant times an Indiana Department of Correction inmate housed at the Marion County Jail, filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Taylor is incarcerated, this Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a).

### I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under

1

Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Taylor names twelve defendants: (1) Marion County Sheriff's Office; (2) Lt. Schonbeck; (3) Lt. Berry; (4) Captain McVay; (5) Sgt. Berthellette; (6) Sgt. Stevens; (7) Lt. Mullins; (8) Officer Clayton; (9) Officer Girkins; (10) Officer Levingston; (11) Officer Lockridge; and (12) Officer Richardson. He seeks damages and injunctive relief. Dkt. 1.

Mr. Taylor is a convicted offender who is normally housed at Miami Correctional Facility but was at all relevant times to this complaint housed at the Marion County Jail.

Mr. Taylor alleges that the Marion County Sheriff's Office has a custom or policy known as "Redsuit." Mr. Taylor does not explain what Redsuit is except to say that inmates on Redsuit are not in general population, often miss meals, and are often deprived of recreation because recreation (when provided) is only allowed between 11:00 p.m. and 6:00 a.m. Thus, the Court infers that being on Redsuit is a designation for inmates in some form of restricted housing. Mr. Taylor alleges that the current Redsuit practice violates inmates' right to due process because jail staff can place an inmate on Redsuit status without a hearing, notice, or evidence.

Mr. Taylor alleges that Captain McVay, Lt. Berry, and Lt. Schonbeck placed Mr. Taylor on Redsuit status on November 22, 2021, in retaliation for Mr. Taylor filing civil rights complaints. Mr. Taylor missed several meals and experienced anxiety and muscle soreness due to the lack of recreation.

Mr. Taylor alleges that the Marion County Sheriff's Office has a policy or practice of encouraging excessive force and retaliation by failing to install adequate surveillance throughout the jail.

On December 14, 2021, Mr. Taylor filed an emergency grievance requesting to be transferred back to the Indiana Department of Correction. Upon receiving the grievance, Captain McVay removed Mr. Taylor from his cell, told Mr. Taylor that he could kill him and get away with it, and placed Mr. Taylor in a cell without running water. Mr. Taylor complained, and Officer Clayton, Officer Levingston, and Lt. Mullins placed him in a cell without electricity. When he complained about that cell, Officer Levingston, Officer Clayton, Lt. Mullins, and Lt. Girkins began beating Mr. Taylor without provocation while Mr. Taylor was handcuffed and naked.

Officer Lockridge witnessed the beating and failed to intervene. Mr. Taylor was then forced to sit naked and handcuffed near the officer, and when he requested medical attention, Officer Lockridge threatened him with more violence.

There was a hearing about the December 14 assault, and Lt. Berry denied Mr. Taylor access to evidence, witnesses, written notice, or the ability to be present at the hearing. Mr. Taylor provides no information about the nature or outcome of that hearing.

### III. Discussion

### A. Claims Proceeding

The Marion County Sheriff's Office may be sued if its policies, practices, or customs cause a deprivation of an inmate's federally secured rights. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978) to claim against Sheriff Department). Two *Monell* claims **shall proceed** against the Marion County Sheriff's Office: (1) that the Sheriff's Office subjects inmates to unconstitutional conditions of confinement by placing them on "Redsuit" status without due process, and (2) that the Sheriff's Office facilitates and encourages acts of excessive force by staff by failing to install sufficient surveillance.

Mr. Taylor's retaliation claims **shall proceed** against Captain McVay, Lt. Berry, and Lt. Schonbeck.

Mr. Taylor's Eighth Amendment claims **shall proceed** against Captain McVay, Officer Clayton, Officer Levingston, Lt. Mullins, Officer Girkins, and Officer Lockridge.

### B. Claims Dismissed

Mr. Taylor's claims against Sgt. Berthellette, Sgt. Stevens, and Officer Richardson are **dismissed for failure to state a claim upon which relief may be granted**. "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Taylor includes no facts indicating that these correctional officers were personally involved in any of the events described.

Mr. Taylor's claim that Lt. Berry violated his right to due process as it related to a hearing about the December 14 excessive force incident is **dismissed for failure to state a claim upon**

4

**which relief may be granted**. An inmate may have a viable claim if he is deprived of due process at a disciplinary hearing and a protected interest is not safeguarded. *See Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021) (reversing dismissal of due process claim where prisoner was subjected to a hearing without due process and spent eight months in segregation before conduct report was overturned). Here, Mr. Taylor does not explain the nature or outcome of the hearing, so the Court cannot infer that his protected liberty interests were violated.

This summary includes all viable claims identified by the Court. If Mr. Taylor believes the complaint asserted claims that the Court did not address, he shall have **through May 20, 2022**, to notify the Court.

### IV. Service of Process

The **clerk is directed to terminate** Sgt. Berthellette, Sgt. Stevens, and Officer Richardson as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants (1) Captain McVay, (2) Lt. Berry, (3) Lt. Schonbeck, (4) Officer Clayton, (5) Officer Levingston, (6) Lt. Mullins, (7) Officer Girkins, (8) Officer Lockridge, and (9) Marion County Sherriff's Department in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 4/22/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EZEKIEL I. TAYLOR
150465
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marion County Sheriff's Office
675 Justice Way
Indianapolis, IN 46203

Captain McVay
675 Justice Way
Indianapolis, IN 46203

Lt. Berry
675 Justice Way
Indianapolis, IN 46203

Lt. Schonbeck
675 Justice Way
Indianapolis, IN 46203

Officer Clayton
675 Justice Way
Indianapolis, IN 46203

Officer Levingston
675 Justice Way
Indianapolis, IN 46203

Lt. Mullins
675 Justice Way
Indianapolis, IN 46203

Officer Girkins
675 Justice Way
Indianapolis, IN 46203

Officer Lockridge
675 Justice Way
Indianapolis, IN 46203